LOUIS P. PETRICH (State Bar No. 038161)
VINCENT COX (State Bar No. 070511)
NICHOLAS MORGAN (State Bar. No. 241475)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Telephone:  (310) 277-3333
Facsimile:   (310) 277-7444

Attorneys for Defendant
New Regency Productions, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE KILIMANJARO CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEW REGENCY PRODUCTIONS, INC. a California corporation; ANDREW NICCOL, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:11-CV-7575 JFW (JCx)<br><br>[U.S. Dist. Judge John F. Walter]<br><br>**ANSWER TO COMPLAINT** |

Defendants New Regency Productions, Inc. ("Regency") and Andrew Niccol ("Niccol"), collectively "Defendants," respond to the Complaint herein and answer, deny, and allege as follows:

## JURISDICTION AND VENUE

1. Defendants admit the allegations of Paragraph 1.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants admit the allegations of Paragraph 3.

## THE PARTIES

4. Defendants deny for lack of sufficient knowledge or information each and every allegation of Paragraph 4 of the Complaint.

5. Defendants admit that Niccol is an individual residing and doing business in this District. Defendant admits that Niccol wrote the screenplay for a feature-length motion picture which in some of its versions was entitled I'm.Mortal, and that he granted to Regency the right to use his screenplay to make the motion picture entitled IN TIME. Except as so admitted, Defendants deny the allegations of Paragraph 5.

6. Answering Paragraph 6, Defendants admit that, since 1991, Defendant Regency has been a California corporation with its principal place of business in Los Angeles, California, doing business in this District, engaged in the business of, among other things, developing, producing and distributing feature films. Except as so admitted, Defendants deny the allegations of Paragraph 6.

7. Defendants deny for lack of sufficient knowledge or information each and every allegation of Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8. Defendants deny for lack of sufficient knowledge or information each and every allegation contained in Paragraph 8 of the Complaint.

9. Defendants deny for lack of sufficient knowledge or information each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendants deny for lack of sufficient knowledge or information each and every allegation contained in Paragraph 10 of the Complaint.

11. Defendants deny for lack of sufficient knowledge or information each and every allegation contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

## FIRST CLAIM FOR RELIEF

16. Defendants incorporate by reference their responses to Paragraphs 1 through 15, inclusive, and restate them here as though fully set forth.

17. Defendants admit that "Repent, Harlequin!" is a work of authorship fixed in a tangible means of expression that constitutes a literary work pursuant to 17 U.S.C. §102(a), and is subject to copyright protection under the Copyright Act, 17 U.S.C. §§101, *et seq*. Except as so admitted, Defendants deny for lack of sufficient knowledge or information each allegation contained in Paragraph 17 of the Complaint.

18. Defendants deny for lack of sufficient knowledge or information each and every allegation of Paragraph 18 of the Complaint.

19. Defendants deny for lack of sufficient knowledge or information each and every allegation of Paragraph 19 of the Complaint.

20. Defendants deny for lack of sufficient knowledge or information each and every allegation of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

## SECOND CLAIM FOR RELIEF

29. Answering Paragraph 29, Defendants incorporate by reference their responses to Paragraph 1-28, inclusive, and restate them here as though fully set forth.

30. Defendants admit the allegations of Paragraph 30.

31. Defendants deny for lack of sufficient knowledge or information each and every allegation of Paragraph 31 of the Complaint.

32. Defendants deny for lack of sufficient knowledge or information each and every allegation of Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

In setting forth the following Affirmative Defenses, Defendants do not admit that they bear the burden of presentation of evidence or of proof on such matters.

### First Affirmative Defense
### (No Claim Stated)

33. Plaintiff's Complaint fails to state facts sufficient to constitute a claim for relief against Defendants, or each of them.

### Second Affirmative Defense
### (Laches)

34. Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrine of laches.

### Third Affirmative Defense
### (Independent Creation)

35. Defendants aver that independent creation is not a matter as to which Defendants bear the burden of proof, but is instead the negative of an element of Plaintiff's burden of proof to establish copying. Assuming for the sake of argument that independent creation is an affirmative defense, Defendants aver that the motion picture IN TIME was created independently of the allegedly infringed work.

### Fourth Affirmative Defense
### (First Amendment)

36. Plaintiff's purported claim for copyright infringement is barred in whole or in part, and plaintiff bears the burden to prove damage and profits by clear and convincing evidence, because the purported use of Plaintiff's material constituted a use protected by the First Amendment to the United States Constitution.

## Fifth Affirmative Defense

### (No Willful Infringement)

37. Plaintiff's purported claim for copyright infringement is barred in whole or in part because Defendants' use of Plaintiff's short story was not willful. To the extent any such use occurred, which Defendants deny but here assume merely for the sake of argument, Defendants were not aware and had no reason to believe that their acts constituted an infringement of copyright.

## Sixth Affirmative Defense

### (No Copying of Protectible Expression)

38. The material claimed by Plaintiff to have been copied from Plaintiff's short story are not protected by copyright law because they are ideas, facts, conventions or clichés of storytelling, script writing or moviemaking and scenes-á-faire.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff's Complaint be dismissed, in its entirety and with prejudice, and that Plaintiff take nothing herein;

2. That Defendants be awarded their costs of suit, including their reasonable attorneys' fees, incurred in defense of this action, and

3. That Defendants be awarded such other and further relief as the court may deem just and proper.

DATED: October 11, 2011

Respectfully submitted,

LEOPOLD, PETRICH & SMITH, P.C.

By: /s/ Vincent Cox
LOUIS P. PETRICH
VINCENT COX
NICHOLAS MORGAN
Attorneys for Defendant
New Regency Productions, Inc.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274.**

On October 11, 2011, I served the foregoing document described as **ANSWER TO COMPLAINT** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**Christopher F. Wong**
**DRINKER BIDDLE & REATH, LLP**
**1800 Century Park East, Suite 1400**
**Los Angeles, CA 90067**
**Fax: (310) 229-1285**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

☐ **BY ELECTRONIC MAIL:** I transmitted a true copy of said document(s) by electronic mail, and no error was reported. Said electronic mail transmission(s) were directed as indicated on the service list.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 11, 2011, at Los Angeles, California.

Robin Black

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

24935